IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RONALD JOSEPH JONES JR.,<br><br>      Petitioner,<br><br>  v.<br><br>RANDALL N. SKANCHY,<br><br>      Respondent. | **MEMORANDUM DECISION<br>& ORDER TO AMEND<br>DEFICIENT PETITION**<br><br>Case No. 2:19-cv-00955-JNP<br><br>District Judge Jill N. Parrish |

  Petitioner, inmate Ronald Joseph Jones Jr., filed a *pro se* habeas-corpus petition, under 28 U.S.C.S. § 2241 (2020) ("The writ of habeas corpus shall not extend to a prisoner unless . . . he is in custody in violation of the Constitution or laws or treaties of the United States . . . ."). Reviewing the Petition, (ECF No. 4), the Court concludes that it must be amended to cure the below deficiencies if Petitioner wishes to further pursue his claims.

### DEFICIENCIES IN PETITION

Petition:

(1)   lists respondent other than his custodian.

(2)   appears to impermissibly attack Petitioner's pretrial detention on state criminal charges, though the latest facts known by the Court, as set forth in the petition, show that Petitioner is awaiting trial.

(3)   appears to impermissibly attack protective order.

(4)   has claims possibly based on illegality of Petitioner's current confinement; however, petition apparently not submitted using legal help Petitioner entitled to by his institution under Constitution--e.g., by contract attorneys. *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (requiring prisoners be given "*adequate* law libraries or *adequate* assistance from persons trained in the law' . . . to ensure that inmates . . . have a reasonably adequate

opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement") (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (emphasis added)).

## INSTRUCTIONS TO PETITIONER

Under Rule 8 of the Federal Rules of Civil Procedure an initial pleading is required to contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). The requirements of Rule 8(a) are intended to guarantee "that [respondents] enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Pro se litigants are not excused from compliance with the minimal pleading requirements of Rule 8. "This is so because a pro se [litigant] requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991). Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant." *Id.* at 1110. Thus, the Court cannot "supply additional facts, [or] construct a legal theory for [petitioner] that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Petitioner should consider the following general points before refiling his petition: (a) Revised petition must stand entirely on its own and not refer to, or incorporate by reference, any portion of the original petition or any other documents previously filed by Petitioner. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (amendment supersedes original)

(b) Petitioner must clearly state whom his custodian is and name that person (warden or ultimate supervisor of imprisonment facility) as the respondent. *Cf.* R.2, Rs. Governing § 2254 Cases in the U.S. Dist. Courts.

(c) Federal rule requires the petition to:

>
> (1) specify all the grounds for relief available to the petitioner;
> (2) state the facts supporting each ground;
> (3) state the relief requested;
> (4) be printed, typewritten, or legibly handwritten; and
> (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

*Cf.* R.2(c), Rs. Governing § 2254 Cases in the U.S. Dist. Courts.

(d) Petitioner may generally not bring civil-rights claims as to conditions of confinement in a habeas-corpus petition.

(e) Any claims about Petitioner's underlying conviction and/or sentencing should be brought under 28 U.S.C.S. § 2254 (2020); any claims about the execution of Petitioner's sentence should be brought under *id.* § 2241.

(f) Petitioner should get help to prepare initial pleadings from legal resources available where he is held.

## PRETRIAL HABEAS CLAIMS

If Petitioner remains in pretrial detention, the Court would infer that Petitioner filed here knowing he had not yet exhausted his state remedies as to his federal claims. Indeed, before Petitioner may seek review in federal court of Utah proceedings, he must exhaust all available remedies in the Utah courts. *See id.* § 2254 (b) & (c); *Picard v. Connor*, 404 U.S. 270, 275, 276 (1971); *May v. Heimgartner*, 794 F. App'x 751, 755 (10th Cir. 2019) (unpublished). To exhaust

3

his remedies, Petitioner must properly present to the highest available Utah court the federal constitutional issues on which he seeks relief. *See Picard*, 404 U.S. at. 276; *May*, 894 F. App'x at 755. Moreover, "the pending state action might result in [failure to convict], mooting the federal case." *Cen v. Castro*, No. C 02-2094 PJH (PR), 2002 U.S. Dist. LEXIS 9314, at *1 (N.D. Cal. May 1, 2002). Based on failure to exhaust, then, this federal petition appears to be barred because of Petitioner's pending criminal case.[1]

A related ground for denying this federal petition may be the *Younger* abstention doctrine. *See Housley v. Williams*, No. 92-6110, 1993 U.S. App. LEXIS 5592, at *8 (10th Cir. Mar. 12, 1993) (unpublished); *Cen*, 2002 U.S. Dist. LEXIS 9314, at *2. After all, "[t]he rule of exhaustion in federal habeas corpus actions is rooted in considerations of federal-state comity," as defined in *Younger v. Harris*, 401 U.S. 37, 44 (1971). *Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). The abstention analysis has three parts: "First, is there a pending state judicial proceeding; 'second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Oltremari ex rel. McDaniel v. Kan. Social & Rehab. Serv.*, 871 F. Supp. 1331, 1356 (D. Kan. 1994) (quoting *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, (1982)); *see Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997).

Applying the analysis here, the Court first determines based on the information in the petition that there is very likely a pending state judicial proceeding. Second, although habeas

---

[1] This Court recognizes it has authority to deny unexhausted claims on the merits, but determines that course is not called for here, when Petitioner's claims seem to require development of a record and fact-finding determinations. *See Rudolph v. Galetka*, No. 99-4207, 2000 U.S. App. LEXIS 4349 (10th Cir. Mar. 21, 2000) (unpublished).

cases are considered civil in nature, "'[t]he importance of the state interest may be demonstrated by the fact that the noncriminal proceedings bear a close relationship to proceedings criminal in nature.'" *Oltremari ex rel. McDaniel*, 871 F. Supp. at 1356 (quoting *Middlesex County Ethics Comm.*, 457 U.S. at 432). Considering that Petitioner actually attacks--both here and in state court--ongoing criminal proceedings, the Court concludes the issues in this noncriminal habeas case clearly are integral to "proceedings criminal in nature," and, consequently, involve an important state interest. *Id.* Finally, Petitioner has an adequate chance to raise any of his federal constitutional challenges in state court. In fact, as explained above, by federal statute, he *must* raise his challenges in state court first before bringing them here. *See* 28 U.S.C.S. § 2254 (b) & (c) (2020); *Picard*, 404 U.S. at 275; *May*, 794 F. App'x at 755.

**O R D E R**

**IT IS HEREBY ORDERED** that:

**(1)** Petitioner shall have **THIRTY DAYS** to cure the above deficiencies. In response to this Order, the Court will accept one document entitled, "Amended Petition." The Amended Petition shall include all issues, arguments, and citations in one document, with no reference to any other document. The Amended Petition is the only document the Court will review to determine whether to order Respondent to answer. *Cf.* R.4, Rs. Governing § 2254 Cases in the U.S. Dist. Cts. (stating court--on its own--shall examine petition for petitioner's entitlement to relief and dismiss petition or order answer as warranted).

**(2)** The Clerk's Office shall mail Petitioner a copy of the Pro Se Litigant Guide with a proper form petition and/or civil-rights complaint for him to complete, according to directions.

**(3)** If Petitioner fails to timely cure the above-noted deficiencies, as instructed here, this action will be dismissed without further notice.

**(4)** Petitioner must tell the Court of any address change and timely comply with Court orders. *See* D. Utah Civ. R. 83-1.3(e) ("In all cases, counsel and parties appearing *pro se* must notify the clerk's office immediately of any change in address, email address, or telephone number."). Failure to do so may result in this action's dismissal for failure to prosecute. *See* Fed. R. Civ. P. 41(b) ("If the [petitioner] fails to prosecute or to comply with these rules or a court order, a [respondent] may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule-- except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19-- operates as an adjudication on the merits.").

**(5)** Extensions of time are disfavored, though reasonable extensions may be granted. Any motion for time extension must be filed no later than **FOURTEEN DAYS** before the deadline to be extended.

**(6)** No direct communication is to take place with any judge. All relevant information, letters, documents, and papers, labeled with case number, are to be directed to the Clerk of Court.

        DATED February 22, 2021.

                              BY THE COURT:

                              JUDGE JILL N. PARRISH
                              United States District Court